UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

YVONNE BAILEY-LYNCH,

                Plaintiff,

-v-

DOLLAR TREE STORES, INC.,

                Defendant.

1:20-CV-01610-JLS-MJR
REPORT, RECOMMENDATION,
AND ORDER

---

This matter has been referred to the undersigned by Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1). (Dkt. No. 11).

*Pro se* Plaintiff Yvonne Bailey-Lynch filed a Complaint (the "Complaint") on November 2, 2020 against Defendant Dollar Tree Stores, Inc. ("Dollar Tree" or "Defendant"). (Dkt. No. 1). Before the Court is Dollar Tree's motion to dismiss the complaint against it, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. (Dkt. No. 10). For the following reasons, it is recommended that Dollar Tree's motion to dismiss be granted, but without prejudice, and that Plaintiff be given leave to file an amended complaint.

## BACKGROUND[1]

Plaintiff alleges that she began employment with Defendant in October 2018. (Dkt. No. 1 at 2). Plaintiff checked the boxes in her Complaint to assert claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). (Dkt. No. 1 at 1). Plaintiff checked every single box in the

---

[1] The following facts are taken from Plaintiff's complaint.

paragraph of the Complaint that asks which actions committed by Defendant that Plaintiff is complaining about. Plaintiff checked the following boxes:

- Failure to provide me with reasonable accommodations to the application process

- Failure to employ me

- Termination of my employment

- Failure to promote me

- Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

- Harassment on the basis of sex

- Harassment on the basis of unequal terms and conditions of my employment

- Retaliation because I complained about discrimination or harassment directed toward me

- Retaliation because I complained about discrimination or harassment directed toward others.

(Dkt. No. 1 at 4). Likewise, Plaintiff checked nearly every box in the paragraph of the Complaint listing the protected classes that form the basis of her discrimination claim. Plaintiff checked the boxes that Defendant discriminated against her based on her Race, Color, Sex, Religion, Sexual Harassment, Age, and Disability. (Dkt. No. 1 at 4). In sum, Plaintiff checked the boxes for every statute, every adverse action, and every protected class (except national origin) listed in the Complaint.

Plaintiff's narrative in the paragraph describing the facts of the case is rather difficult to comprehend, but she appears to assert the following allegations regarding "Laury W.," whom she alleges was a "manager supervisor": (1) that Laury W. and her company associates refused to send Plaintiff her W-2 tax information; (2) that Laury W.

refused to accept Plaintiff's "disability papers"; (3) that Laury W. refused to promote Plaintiff on grounds unknown to Plaintiff; and (4) that Laury W. refused to allow Plaintiff to defend herself against a claim that her cash drawer was short. (Dkt. No. 1 at 5).

With regards to her disability claim, Plaintiff alleges that Defendant provided her with the following accommodations for her alleged disability: "1) March, special days to attend physical therapy, 2) saw after me wearing braces on my hands for carpel tunnel, 3) Day off to attend Dr. Appointment, allergic to chemicals." (Dkt. No. 1 at 6). Plaintiff does not specifically identify her alleged disability nor allege that Defendants denied any requests for accommodations.

## DISCUSSION

*Standard for Motion to Dismiss*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations, and alterations omitted).

While a *pro se* complaint must be construed liberally, "the 'special solicitude' in *pro se* cases has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." *Smith v. Homes for Homeless*, No. 20-CV-10710 (LLS), 2021 WL 77098, at *1 (S.D.N.Y. Jan. 7, 2021) (internal citation omitted).

*Failure to Provide Adequate Notice*

As a preliminary matter, Plaintiff has failed to put Defendant on notice of any of the claims she purports to assert in this case. As mentioned above, with the sole exception of national origin in Paragraph 14, Plaintiff checked the boxes in the Complaint indicating that she was subject to harassment, retaliation, and every single adverse action based upon every single protected class, pursuant to three different statutes. This makes it difficult, if not impossible, to discern what Plaintiff is claiming, and on what basis. For example, Plaintiff was clearly employed by Defendant, yet checks the box stating "[f]ailure to employ me." (Dkt. No. 1 at 4). Plaintiff provides no allegations as to how any actions taken by Defendant were motivated by discriminatory or retaliatory animus or based on any protected class. (Dkt. No. 1 at 5). The Complaint, therefore, fails to put Defendant on notice of her purported claims, and is therefore subject to dismissal. *See, e.g., Greenidge v. New York City Dep't of Prob.*, No. 18-CV-4067 (BMC) (ST), 2018 WL 3973010, at *2 (E.D.N.Y. Aug. 20, 2018) ("[A] plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for

recovery."); *McNight v. Dormitory Auth. of State of N.Y.*, 995 F. Supp. 70, 76 (N.D.N.Y. 1998) ("Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim.") (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987)).

*Failure to Sufficiently Allege an ADEA Claim*

"In order to establish a *prima facie* case of age discrimination, [a plaintiff] must show (1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010).

Here, Plaintiff checked the box in Paragraph 14 of the Complaint that she was discriminated against because of her age and provided her date of birth. (Dkt. No. 1 at 4). However, she does not mention her age in the paragraph of the Complaint where she provides the facts of the case (Paragraph 19). (Dkt. No. 1 at 5). Further, and more importantly, Plaintiff fails to sufficiently allege that Defendant took any adverse action against her based on her age.

It is well settled that merely checking a box in a Complaint and providing a date of birth, without more, is insufficient to state a claim of age discrimination. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination

has been practiced."); *Collins v. Palmolive*, No. 16-CV-3366 (RRM) (LB), 2017 WL 927609, at *3 (E.D.N.Y. Mar. 8, 2017) ("In support of her ADEA age discrimination claim, [the plaintiff] simply checks the box on the employment discrimination form which indicates that defendant discriminated against her based on her age, and she supplies her date of birth. At a minimum, an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed.").

Accordingly, Plaintiff's ADEA claim should be dismissed.

*Failure to State a Claim under Title VII*

To state a claim under Title VII, a plaintiff must "allege two elements: (1) the employer discriminated against [her] (2) because of [her] race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (citing 42 U.S.C. § 2000e–2(a)(1)). A plaintiff can establish this "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Jones v. Target Corp.*, No. 15-CV-4672 (MKB), 2016 WL 50779, at *2 (E.D.N.Y. Jan. 4, 2016) (quoting *Vega*, 801 F.3d at 86–87).

Absent direct evidence of discrimination, Title VII claims are governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this analysis, a plaintiff bears the initial burden of establishing a *prima facie* case of discrimination." *Senese v. Longwood Cent. Sch. Dist.*, 330 F. Supp. 3d 745, 764 (E.D.N.Y. 2018). To satisfy this burden, a plaintiff must show "(1) that she was within the protected [class], (2) that she was qualified for the position, (3) that she

experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Id.* (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010)).

Similar to Plaintiff's age discrimination claim, the Complaint is devoid of any allegation suggesting that Defendant took any adverse actions against her based on her race, color, religion, or sex. Plaintiff does not even identify her race, color, or religion. The Complaint contains vague allegations that Defendant failed to send her tax forms, failed to promote her "on grounds unknown to [her]self upon employment," and failed to "give [her] rights to defend [her]self" when a new associate manager, whom Plaintiff identifies as "Black African," "had some random teenager climb into our office with cash vault and then claim [her] drawer was forty or fifty dollars short." (Dkt. No. 1 at 5). Plaintiff does not allege that any of these constituted adverse employment actions, but even if they did, Plaintiff does not allege that Defendant took any of these actions based on a protected class. Simply put, there is no inference from any allegation in the Complaint that Defendant took any adverse actions against Plaintiff based on a protected class under Title VII.

Courts routinely dismiss Title VII claims that contain similarly vague allegations. *See, e.g., Etheridge v. Allied Barton Sec. Servs., LLC.*, No. 12 CV 1745 ENV JO, 2012 WL 1965410, at *2 (E.D.N.Y. May 31, 2012) (dismissing a complaint when the plaintiff checked a box that he was discriminated against, but failed "to allege any facts showing that he was terminated based on his color or otherwise under circumstances giving rise to an inference of discrimination."); *Maurice v. Eulen Am.*, No. 12-CV-6345 RRM LB, 2013 WL 55817, at *2 (E.D.N.Y. Jan. 3, 2013) (dismissing a Title VII claim when the

plaintiff checked the box in the complaint that she was discriminated against but failed to allege any facts to suggest that his termination was based on a protected class); *Simpson v. MTA/New York City Transit Auth.*, No. 16-CV-3783 (MKB), 2016 WL 8711077, at *4 (E.D.N.Y. Aug. 26, 2016) (dismissing a Title VII claim when the plaintiff alleged that she was asked to take over a co-worker's workload, that her vacation was cancelled, and that she was not promoted, but failed to allege that any of these actions were taken because of her race).

Plaintiff also checked the box that she was retaliated against, but similarly fails to assert any allegations supporting this claim. "In order to establish a *prima facie* case of retaliation, a plaintiff must establish '(1) she engaged in protected activity; (2) the employer was aware of this activity; (3) the employee suffered a materially adverse employment action; and (4) there was a causal connection between the alleged adverse action and the protected activity.'" *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 221 (E.D.N.Y. 2014) (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)). Plaintiff does not allege that she engaged in protected activity or that she suffered any materially adverse action due to such protected activity. Accordingly, to the extent that Plaintiff attempts to assert a retaliation claim, it should be dismissed.

Likewise, Plaintiff checked the box in the Complaint that she was harassed. To state a hostile work environment claim under Title VII, a plaintiff must allege that "(1) the workplace was permeated with discriminatory harassment or intimidation that was sufficiently severe or pervasive to alter the conditions of her working environment, and

(2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Risco v. McHugh*, 868 F. Supp. 2d 75, 115 (S.D.N.Y. 2012). The Complaint is devoid of any allegation that Plaintiff was harassed or intimidated, let alone that Defendant's conduct was sufficiently severe or pervasive to alter the conditions of her work environment. Likewise, Plaintiff fails to allege a basis for imputing any purported harassment to Defendant. Accordingly, Plaintiff's hostile work environment claim, to the extent that she asserts one, should be dismissed.

In sum, Plaintiff's Title VII claim should be dismissed. Plaintiff does not allege that Defendant took any adverse action against her based on a protected class or because she engaged in protected activity.

*Failure to Sufficiently Allege an ADA Claim*

Plaintiff checked the box in the Complaint that she was discriminated against based on her disability. The *McDonnell Douglas* burden-shifting framework applies to ADA claims, and Plaintiff "bears the initial burden of proving by a preponderance of the evidence a *prima facie* case of discrimination." *Clark v. Jewish Childcare Ass'n, Inc.*, 96 F. Supp. 3d 237, 248 (S.D.N.Y. 2015) (quotation omitted). To establish a *prima facie* claim of disability discrimination, Plaintiff must allege "(1) his [or her] employer is subject to the ADA; (2) he [or she] was disabled within the meaning of the ADA; (3) he [or she] was otherwise qualified to perform the essential functions of his [or her] job, with or without reasonable accommodation; and (4) he [or she] suffered adverse employment action because of his [or her] disability." *Id.* (quotation omitted).

Similarly, to state a failure to accommodate claim under the ADA, a plaintiff must allege "(1) [the] plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his [or her] disability; (3) with reasonable accommodation, [the] plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Id.* at 250 (quotation omitted).

The Complaint contains a single vague allegation that Defendant "refused to accept [Plaintiff's] disability papers." (Dkt. No. 1 at 5). Plaintiff does not allege anything about the "papers" to which she refers—whether they involve disability benefits under state law, disability insurance benefits, or information regarding a disability under the ADA. Plaintiff also fails to allege that Defendant took any action against her based on a disability or that Defendant refused to grant her any requested accommodations.

Plaintiff claims that Defendant granted her three accommodations, including days off to attend physical therapy, that Defendant "saw after" her with respect to her carpal tunnel, and days off to attend doctor's appointments. (Dkt. No. 1 at 6). Plaintiff checked the box that these accommodations were not effective, but the Complaint does not contain any allegations explaining how these accommodations were ineffective or that she even requested any other particular accommodations.

Merely checking boxes in the complaint and providing one vague allegation regarding "disability papers" is insufficient to state a claim under the ADA. *See, e.g., Griffin v. Brighton Dental Grp.*, No. 09-CV-6616P, 2013 WL 1221915, at *4 (W.D.N.Y. Mar. 25, 2013) (dismissing a disability discrimination claim when the plaintiff failed to allege that she was disabled, that the defendants knew she was disabled, or that

defendant refused to grant her an accommodation) (collecting cases); *Lee v. Sony BMG Music Ent., Inc.*, 557 F. Supp. 2d 418, 425 (S.D.N.Y. 2008) (dismissing a disability discrimination claim where the plaintiff alleged that she suffered unspecified injuries and was forced to go on leave, but failed to allege that the defendant discriminated against her based on her disability). Here, Plaintiff fails to assert any allegations that Defendant discriminated against her based on her disability or failed to accommodate her.

Accordingly, Plaintiff's claims under the ADA should be dismissed.

*Dismissal without Prejudice*

"Where a cause of action is dismissed due to deficient pleading, leave to amend should generally be granted . . . especially . . . where, as here, a litigant proceeds *pro se*." *Watkins v. City of New York Kings Cnty.*, 2014 U.S. Dist. LEXIS 113821, 2014 WL 4075769, *4 (E.D.N.Y. Aug. 15, 2014) (citing cases). As the Second Circuit has emphasized time and again, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *See Nielsen v. Flower Hosp.*, 639 F. Supp. 738, 744 (S.D.N.Y. 1986) (stating that significant policies exist that "militate against dismissing a *pro se* Title VII complaint with prejudice on an initial motion to dismiss").

Admittedly, it is difficult here to discern any indication that Plaintiff might be able to state any type of valid claim. Nevertheless, because Plaintiff is *pro se,* and in the interests of justice and fairness, the Court recommends that Plaintiff be given at least

one more chance to amend her complaint to allege a viable claim. Accordingly, the Court recommends that the complaint be dismissed without prejudice and that Plaintiff be given leave to file an amended complaint.[2]

## CONCLUSION

For the foregoing reasons, it is recommended that Dollar Tree's motion to dismiss (Dkt. No. 10) be granted, but without prejudice, and that the Plaintiff be given leave to file an amended complaint. Further, Plaintiff's motion for extension of time (Dkt. No. 16) is denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

---

[2] The Court notes that on June 21, 2021, Plaintiff filed a motion for extension of time. (Dkt. No. 16). The motion does not make clear why Plaintiff is asking for an extension or why one would be needed. Therefore, the motion is denied.

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

Dated:     January 25, 2022
           Buffalo, New York

                                                          _____
                                                          MICHAEL J. ROEMER
                                                          United States Magistrate Judge