UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVONNE BAILEY-LYNCH,

    Plaintiff,

v.                                          20-CV-1610 (JLS) (MJR)

DOLLAR TREE STORES, INC.,

    Defendant.
_____

### DECISION AND ORDER

Plaintiff Yvonne Bailey-Lynch commenced this action against Defendant Dollar Tree Stores, Inc. in November 2020, alleging numerous employment discrimination claims. Dkt. 1. Defendant moved to dismiss the complaint for failure to state a claim. Dkt. 10. Plaintiff opposed the motion to dismiss, and Defendant replied. Dkt. 12; Dkt. 15.

**I.   The Report, Recommendation, and Order**

Shortly after Defendant moved to dismiss, this Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A)–(C). Dkt. 11. Judge Roemer issued a Report, Recommendation, and Order ("R&R") on January 28, 2022, recommending that this Court grant Defendant's motion to dismiss, without prejudice, and grant Plaintiff leave to file an amended complaint. Dkt. 18.

Plaintiff submitted an amended complaint (Dkt. 20), but neither party objected to the R&R. The time to object has expired. See 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b)(2).  A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so, this Court nevertheless reviewed Judge Roemer's R&R.  Based on that review, and absent any objections, the Court accepts Judge Roemer's recommendation to grant Defendant's motion to dismiss, without prejudice, and to grant Plaintiff leave to file an amended complaint.

The Court notes that Plaintiff already submitted an amended complaint, dated February 14, 2022.  *See* Dkt. 20.  Plaintiff may rely on that February 14, 2022 amended complaint as her amended pleading in this case.  Or, if she wishes to include any additional allegations based on this decision and order, Plaintiff may re-submit an amended complaint by **June 15, 2022**.

Any amended complaint ***completely replaces*** the prior complaint in this case and, thus, "renders [the prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co. v. Int'l Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  If Plaintiff chooses to re-submit an amended

complaint, that pleading must include all of the allegations against Defendant, so it may stand alone as the only complaint Defendant must respond to.

Defendant shall respond to the amended complaint (any re-submitted amended complaint or, if Plaintiff does not re-submit an amended complaint, the February 14, 2022 amended complaint) by **July 6, 2022**.

## II. Application for Appointment of Counsel

After Judge Roemer issued the R&R, Plaintiff asked the Court to appoint her counsel. Dkt. 19.

When deciding whether to grant a request for counsel by an indigent party, courts consider "a variety of factors." *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). As a "threshold matter, . . . the district court must consider the merits of the . . . claim." *Id.* If the threshold inquiry indicates that the plaintiff "appears to have some chance of success," the court should consider other factors, including: (1) "the nature of the factual issues the claim presents"; (2) "the plaintiff's apparent ability to present the case"; and (3) whether "the legal issues presented are complex." *Id.* at 60-61.

Because Defendant has not yet responded to the amended complaint that the Court has granted Plaintiff leave to file, the Court lacks sufficient information to complete the inquiry set forth in *Hodge*. The Court therefore denies Plaintiff's request for appointment of counsel, without prejudice, as premature. Plaintiff may renew her request to appoint counsel at a later time.

## CONCLUSION

For the reasons stated above and in the R&R, the Court GRANTS Defendant's motion to dismiss (Dkt. 10), and dismisses the complaint without prejudice. Plaintiff may either (1) re-submit an amended complaint by **June 15, 2022**, or (2) rely on the amended complaint dated February 14, 2022 (Dkt. 20). Defendant shall respond to the amended complaint by **July 6, 2022**.

The Court also DENIES Plaintiff's application for appointment of counsel (Dkt. 19), without prejudice to reapplying for appointment of counsel at a later date.

The Court refers this matter back to Judge Roemer, consistent with the referral order at Dkt. 11, for further proceedings.

SO ORDERED.

Dated:   May 16, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE