UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 18 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

_____

YVONNE BAILEY-LYNCH,

   Plaintiff,

 v.            20-CV-1610 (JLS) (MJR)

DOLLAR TREE STORES, INC.,

   Defendant.

_____

## DECISION AND ORDER

 Plaintiff Yvonne Bailey-Lynch commenced this action against Defendant Dollar Tree Stores, Inc. in November 2020, alleging numerous employment discrimination claims. Dkt. 1. Defendant moved to dismiss the original complaint for failure to state a claim. Dkt. 10. United States Magistrate Judge Michael J. Roemer[1] issued a Report, Recommendation, and Order, recommending that this Court grant Defendant's motion to dismiss, without prejudice, and grant Plaintiff leave to file an amended complaint. Dkt. 18. This Court accepted Judge Roemer's recommendations in a decision and order granting Defendant's motion to dismissing and granting Plaintiff leave to amend her complaint. Dkt. 23.

 Plaintiff submitted an amended complaint. Dkt. 20. Defendant moved to dismiss the amended complaint. Dkt. 24. Plaintiff responded in opposition, and Defendant replied. Dkt. 26; Dkt. 27. Judge Roemer issued a second Report and

_____

[1] This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A)–(C). Dkt. 11.

Recommendation on October 27, 2022 (the "October 2022 R&R"), recommending that this Court:

(1) deny Defendant's motion to dismiss Plaintiff's Title VII claim based on race discrimination, on a failure-to-promote theory;

(2) grant Defendant's motion and dismiss Plaintiff's Title VII claim based on national origin discrimination;

(3) grant Defendant's motion and dismiss Plaintiff's Title VII claim based on a hostile work environment;

(4) grant Defendant's motion and dismiss Plaintiff's Age Discrimination in Employment Act ("ADEA") claim;

(5) grant Defendant's motion and dismiss Plaintiff's Americans with Disabilities Act ("ADA") claim; and

(6) deny Plaintiff leave to file a second amended complaint.

Dkt. 28.

Plaintiff objected to the October 2022 R&R's recommendations to dismiss her national origin discrimination, hostile work environment, ADEA, and ADA claims. *See* Dkt. 31, at 2. Defendant responded in opposition, and Plaintiff replied. Dkt. 33; Dkt. 37. Defendants did not object to the October 2022 R&R.[2]

---

[2] In its response to Plaintiff's objections, Defendant asked the Court to dismiss Plaintiff's Title VII race discrimination claim for failure to exhaust administrative remedies. *See* Dkt. 33, at 8–9. Defendant did not raise this argument to Judge Roemer, *see* Dkt. 24; Dkt. 27, and did not timely object to the recommendation that this Court deny its motion to dismiss Plaintiff's race discrimination claim. The Court will not consider this argument now. But Defendant may raise this argument at the summary judgment stage, if appropriate.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

The Court has conducted a *de novo* review of the October 2022 R&R and the relevant record. Based on that review, the Court accepts and adopts Judge Roemer's recommendations and dismisses Plaintiff's national origin discrimination, hostile work environment, ADEA, and ADA claims, without leave to amend.

In her objections to the October 2022 R&R, Plaintiff appears to add certain new allegations—for example, that she is "of Indian descent." *See* Dkt. 31, at 2. The Court recognizes that Plaintiff is proceeding *pro se* and, accordingly, has "construe[d] [her] pleadings liberally and interpret[ed] them 'to raise the strongest arguments they suggest.'" *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir 1996). But Plaintiff's "*pro se* status does not exempt [her] from compliance with the relevant rules of procedural and substantive law." *See id.* (internal quotation marks and citations omitted). The Court gave Plaintiff an opportunity to amend her complaint to include all allegations relevant to her claims. *See* Dkt. 23, at 2–3. Having elected

3

not to include certain allegations in her amended complaint, she may not allege new facts in her objections to Judge Roemer's recommendations.[3]

<u>CONCLUSION</u>

For the reasons stated above and in the R&R, the Court GRANTS, IN PART, and DENIES, IN PART Defendant's motion to dismiss (Dkt. 24).  Plaintiff's national origin discrimination, hostile work environment, ADEA, and ADA claims are dismissed, without leave to amend.  Plaintiff's Title VII race discrimination claim based on failure to promote survives.  The Court refers this matter back to Judge Roemer for further proceedings,[4] consistent with the referral order at Dkt. 11.

SO ORDERED.

Dated:       September 18, 2023
             Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Even if the Court were to consider these new allegations—and even if those allegations were properly pled—they would not save Plaintiff's claims from dismissal.  *See* Dkt. 28, at 13–22.

[4] In the conclusion of her objections, Plaintiff again asks for an attorney.  *See* Dkt. 31, at 11.  If Plaintiff wishes to renew her request for appointment of counsel, she may do so through a motion.