UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

YVONNE BAILEY-LYNCH,

        Plaintiff,

v.

DOLLAR TREE STORES, INC.,

        Defendant.

---

1:20-CV-01610 (JLS-MJR)

REPORT AND RECOMMENDATION

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr., for hearing and reporting on dispositive motions for consideration by the District Court. (Dkt. No. 11) Before the Court is defendant Dollar Tree Stores, Inc.'s motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 43) For the following reasons, it is recommended that defendant's motion for judgment on the pleadings be denied.

## DEFENDANT'S PRIOR MOTIONS TO DISMISS

*Pro se* plaintiff Yvonne Bailey-Lynch commenced this action on November 2, 2020, alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–17. (Dkt. No. 1) On April 29, 2021, defendant moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted. (Dkt. No. 10) This Court issued a Report and

1

Recommendation on January 28, 2022, recommending that the District Court grant defendant's motion to dismiss, without prejudice, and allow plaintiff leave to file an amended complaint. (Dkt. No. 18)

On February 14, 2022, plaintiff filed an amended complaint. (Dkt. No. 20) The District Court then adopted this Court's Report and Recommendation granting the motion to dismiss the original complaint on May 16, 2022. (Dkt. No. 23) The District Court gave plaintiff the option of either relying on the February 14th amended complaint or re-submitting a new amended complaint by June 15, 2022. (*Id.*) Plaintiff did not submit another amended complaint, so her filing on February 14th became the operative complaint in this case. (Dkt. No. 20) On July 5, 2022, defendant filed a second motion to dismiss the amended complaint in its entirety pursuant to Rule 12(b)(6). (Dkt. No. 24) This Court issued another Report and Recommendation on October 27, 2022, recommending that the District Court grant defendant's motion to dismiss on all of plaintiff's claims, except her race discrimination claim on a failure-to-promote theory under Title VII. (Dkt. No. 28).

Plaintiff objected to this Court's second Report and Recommendation. (Dkt. No. 31). Defendant responded in opposition (Dkt. No. 33), and plaintiff replied (Dkt. No. 38). Defendant did not object to this Court's second Report and Recommendation, but in its response to plaintiff's objections, defendant asked the District Court to dismiss plaintiff's Title VII race discrimination claim for failure to exhaust administrative remedies. (*See* Dkt. No. 33 at 8–9) On September 18, 2023, the District Court adopted this Court's Report and Recommendation and dismissed all but plaintiff's Title VII race discrimination claim for failure-to-promote. (Dkt. No. 38) The District Court declined to consider defendant's

failure-to-exhaust argument, as it was not previously raised before this Court nor included in a timely objection to the second Report and Recommendation.[1] (*See id.* at 2, n.2)

## DEFENDANT'S INSTANT RULE 12(C) MOTION

On October 11, 2023, defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 43) Plaintiff filed a response (Dkt. No. 54) and defendant replied (Dkt. Nos. 50, 55).[2] The Court has considered all submissions by the parties in making this recommendation.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks and citation omitted).

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a complaint in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible

---

[1] The District Court indicated that defendant "may raise this argument at the summary judgment stage, if appropriate." (Dkt. No. 38 at 2) Defendant has instead raised it now, in the instant Rule 12(c) motion.

[2] On October 10, 2023, defendant answered plaintiff's amended complaint. (Dkt. No. 40)

on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." (emphasis in original) (internal quotation marks and citation omitted)).

The amended complaint alleges that plaintiff is a Black female who, in October 2018 and at 59 years old, began working for defendant Dollar Tree Stores, Inc. (Dkt. No. 20 at 1–2, 5). In April 2019, plaintiff inquired about an assistant manager position and was told by "Chris," a manager at the Dollar Tree store, that plaintiff "could apply for any position [that she] wanted." (*Id.* at 4) Plaintiff has a "task" high school diploma; over 68 college credits; a "business license"; and 15 years of retail experience." (*Id.* at 3–4) Despite these qualifications, defendant did not hire plaintiff to the assistant manager position, and when plaintiff asked about the position, "Laury," the "Head Manager" at the store, "refused [her] inquiries . . . due to race discrimination." (*See id.* at 3, 8). Plaintiff alleges instances where Caucasian employees were given preferential treatment over her. (*Id.* at 4-5) In addition, Head Manager Laury, the same decision-maker who purportedly rejected plaintiff's inquires about the assistant manager position, refused to provide plaintiff necessary information in conjunction with a doctor's note she brought to work regarding certain health issues. (*Id.* at 2-3)

4

This Court concluded, and the District Court agreed, that these allegations, considered in conjunction with the remainder of the facts alleged in the amended complaint, were minimally sufficient for plaintiff to proceed with a Title VII race discrimination claim based on theory of failure-to-promote. (Dkt. Nos. 28, 38)

Defendant now argues that plaintiff's Title VII failure-to-promote claim should be dismissed on the face of the pleadings, pursuant to Rule 12(c), for failure to exhaust administrative remedies. (*See* Dkt. No. 43-1 at 9–13) Specifically, defendant asserts that plaintiff's administrative complaint with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC") "contained absolutely no allegations that [defendant] denied her a promotion or precluded her from seeking a promotion because of her race." (*Id.* at 9–10)[3]

## DISCUSSION

"It is well established that Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court." *Fowlkes v. Ironworkers Local 40*, 790 F.3d

---

[3] Defendant relies on the contents of plaintiff's NYSDHR case file in support of its Rule 12(c) motion. (*See* Dkt. No. 33-2) Generally speaking, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–58 (2d Cir. 2006). But "[a] complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks and citation omitted). The contents of plaintiff's NYSDHR case file are integral to her complaint and the Court will consider them in assessing defendant's motion. *See, e.g., Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006); *Rusis v. Int'l Bus. Machines Corp.*, 529 F. Supp. 3d 178, 201 (S.D.N.Y. 2021). *See also Casillas v. Daines*, 580 F. Supp. 2d 235, 238 (S.D.N.Y. 2008) (holding that on a motion to dismiss a suit based on a Federal Rule of Civil Procedure 12(c) motion, the Court may take judicial notice of the records of state administrative proceedings, without converting the motion to one for summary judgment).

378, 384 (2d Cir. 2015). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998) (internal quotation marks and citation omitted). "The administrative exhaustion requirement applies to *pro se* and counseled plaintiffs alike," *Fowlkes*, 790 F.3d at 384, but it is only "a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement," *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (internal quotation marks and citation omitted). As such, the administrative exhaustion requirement may be waived by the parties or by the court. *See Francis*, 235 F.3d at 767; *see also Pietras v. Bd. of Fire Comm'rs*, 180 F.3d 468, 474 (2d Cir. 1999) (holding that a "plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court.").

On October 28, 2019, plaintiff filed a verified complaint of employment discrimination with the NYSDHR (the "administrative complaint"). (*See* Dkt. No. 33-2 at 15–21) In July 2020, the NYSDHR concluded that there was no probable cause to believe that defendant had engaged in or was engaging in the unlawful discriminatory practices about which plaintiff complained. (*See id.* at 3–5, 23–26) Plaintiff's administrative complaint with the NYSDHR was dual-filed with the EEOC, and on October 7, 2020, the EEOC adopted the NYSDHR's findings and issued plaintiff a right-to-sue letter. (Dkt. No. 5 at 3)

In her administrative complaint, plaintiff did not check the box to include an allegation that she was denied a promotion, nor did she specifically allege, in the body of the complaint, that defendant denied her a promotion based on her race. (Dkt. No. 33-2,

pgs. 15-21) Thus, defendant is correct that plaintiff failed to raise a Title VII race discrimination claim based specifically on a failure-to-promote theory in her administrative complaint.

However, the Second Circuit has held that "claims not raised in an EEOC complaint may still be part of the complaint later filed in federal court if they are 'reasonably related' to the claim filed with the agency." *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015). "A claim is reasonably related to the filed claim 'if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" *Id.* (quoting *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003)). To make this determination, courts "focus 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" *Id.* (alteration in original) (quoting *Deravin*, 335 F.3d at 201); *see Shah v. N.Y.S. Dep't of Civ. Serv.*, 168 F.3d 610, 614 (2d Cir. 1999) (assessing whether claims in second amended complaint were reasonably related to charge initially filed with NYSDHR).

Here, this Court recommends denial of defendant's motion for judgment on the pleadings for three reasons. First, based on the content of plaintiff's administrative complaint, the scope of the NYSDHR's investigation must have included a thorough examination of plaintiff's relationship with Head Manager Laury. Plaintiff mentioned Laury on every page of the administrative complaint, except for the notarization page, and while plaintiff did not check the box for "[d]enied me promotion/pay raise," she selected numerous other adverse employment actions—including denial of training, demotion, and termination. (*See* Dkt. No. 33-2 at 16–21) "The 'reasonably related' exception to the

exhaustion requirement 'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [she] is suffering.'" *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quoting *Deravin*, 335 F.3d at 201). To be sure, plaintiff checked the box alleging discrimination on the basis of her race, which she indicated to be "Black American." (Dkt. No. 33-2 at 17) Thus, it appears that plaintiff's administrative complaint put the NYSDHR on notice of both a race discrimination claim and a range of discriminatory acts allegedly committed by Head Manager Laury.

Second, contrary to defendant's assertion, it appears that plaintiff did inform the NYSDHR of a potential failure-to-promote claim during the investigation. On November 25, 2019, the NYSDHR requested that plaintiff submit a written "rebuttal" addressing defendant's response to her administrative complaint. (Dkt. No. 33-2 at 179–80) The NYSDHR received plaintiff's 12-page written rebuttal on December 27, 2019, the second page of which stated that Head Manager "Laury refused [to allow plaintiff] to apply for [a] manager position posted on [the] store door." (*See id.* at 37) It is true that plaintiff did not expressly tie this allegation to race discrimination, as opposed to age or disability discrimination, but the statement still generally notified the NYSDHR of a factual basis for a failure-to-promote claim.[4] *Cf. Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 60–62 (S.D.N.Y. 2019) (concluding NYSDHR did not have adequate notice of potential disability discrimination claim, as opposed to existing age discrimination claim, where

---

[4] Plaintiff does allege, later in the rebuttal, that her "employment at Dollar Tree was very rewarding" except it appeared that only "white people are hired full time." (Dkt. No. 33-2 at 46)

plaintiff's rebuttal framed "[a]ny physical maladies . . . as the natural product of her advancing age").[5]

In *Holtz v. Rockefeller & Co.*, 258 F.3d 62 (2d Cir. 2001), the Second Circuit held that an affidavit sent to the EEOC after the original charge was filed "could not enlarge the scope of the charge to encompass new unlawful employment practices or bases for discrimination," and could serve only to "clarify and amplify allegations made in the original charge or allege additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge." *Id.* at 83. Here, plaintiff's original administrative charge alleged race discrimination and numerous discriminatory acts by Laury. The allegations in her rebuttal, namely that Laury refused her application for a manager position, occurred around the same time as the other

---

[5] Defendant argues that when plaintiff's statement about Laury refusing her application for a promotion is read in context with the rest of her rebuttal, it shows that plaintiff was not making a claim for failure-to-promote based on race. Defendant notes that plaintiff goes on to allege that Laury hired "an African woman, [T]heresa" who "set her up." (Dkt. No. 33-2 at 37) Defendant submits that plaintiff was merely complaining about another employee, of the same race, treating her unfairly. The Court disagrees. To begin, while plaintiff refers to Theresa as "manager", it is not entirely clear from plaintiff's rebuttal statement whether Theresa was hired for the specific position for which plaintiff intended to apply. Indeed, plaintiff seems to refer to a number of different individuals as "managers" throughout her rebuttal. Plaintiff refers to herself as "Black" and Theresa as "African." She later seems to refer to another employee as "African and white." (Dkt. No. 33-2 at 39) Thus, plaintiff's allegations regarding race and ethnicity are also not entirely clear. Regardless, plaintiff is not required to show that she presented a *successful* Title VII race discrimination claim for failure-to-promote to the EEOC prior to filing suit in federal court, only that she exhausted her administrative remedies by bringing such claims to the attention of the agency. In light of the loose pleading standard explained previously, the Court finds that plaintiff has minimally done so here. Indeed, this Court specifically acknowledged, in its prior Report and Recommendation addressing defendant's second motion to dismiss, that plaintiff has not alleged direct evidence of race discrimination, such as an allegation that a person outside of her protected class was awarded the position instead of her. (Dkt. No. 28 at 9) Instead, plaintiff alleged a sequence of events at or around the time she was denied the ability to apply for a manager position that seemed to suggest discriminatory animus on the part of defendant. (*Id.* at 10-12) Moreover, plaintiff alleges not just that she was denied a promotion, but that Laury, who engaged in other alleged discriminatory acts against her, did not even allow her to apply for the manager position in the first place.

discriminatory acts alleged against him in the original charge. Thus, the Court concludes that Laury's alleged failure to promote plaintiff (or, more specifically, his refusal to allow her to apply for a managerial position) is not a new basis for discrimination, but instead an additional act which constitutes an alleged unlawful employment practice related to or growing out of her original race discrimination claim. *Id.* at 83 (finding that a failure to promote claim raised in a subsequent affidavit submitted to EEOC was "reasonably related" to a failure to train claim since it would have been "reasonable to suspect that the EEOC, in investigating [plaintiff's] complaint of failure to train because of age, would have assessed [defendant's] promotion and transfer policies."). *Cf. Littlejohn v. City of New York*, 795 F.3d 297, 323 (2d Cir. 2015) (sexual harassment claim raised in subsequent letter sent to the EEOC was not "reasonably related" to EEOC discrimination claims, which were based solely on race and color).

Third, even if plaintiff's failure-to-promote claim is not reasonably related to the claims in her administrative complaint, the interests of justice weigh in favor of waiving the administrative exhaustion requirement. A charge of discrimination under Title VII must be filed with the EEOC within 300 days after the discriminatory event took place. 42 U.S.C. § 2000e-5(e)(1). The limitations period for filing a claim in New York is longer at three years and is tolled until the EEOC issues a right-to-sue letter. *See* N.Y. C.P.L.R. § 214(2); N.Y. Exec. Law §§ 297(5)–297(6); *Sloth v. Constellation Brands, Inc.*, 883 F. Supp. 2d 359, 373 (W.D.N.Y. 2012). But the EEOC mailed plaintiff her right-to-sue letter on October 7, 2020. (Dkt. No. 5 at 3). If defendant's motion for judgment on the pleadings is granted, plaintiff will have no further opportunity to pursue her failure-to-promote claim before the EEOC or in state court.

As noted previously, a defense of failure to exhaust administrative remedies may be waived by the parties or the Court. To be sure, defendant did not waive the defense here.[6] However, plaintiff filed her original federal complaint on November 2, 2020. Defendant did not raise the exhaustion defense until approximately three years later, in November of 2023.[7] In light of the significant period of time that has elapsed between the filing of plaintiff's complaint and the assertion of the exhaustion defense; the fact that plaintiff raised Laury's refusal of her application, along with his other alleged discriminatory treatment of her, during the NYSDHR's investigation of her race discrimination claim; and the fact that plaintiff would now be time barred from pursuing her discrimination claim either before the EEOC or in state court, the interests of justice weigh in favor of denying the instant motion to dismiss.

Lastly, the Court notes that plaintiff has been proceeding *pro se* since the start of this lawsuit. She did not have the benefit of an attorney either during the administrative proceeding or in responding to defendant's three motions to dismiss her complaint. She has not had the opportunity to conduct any discovery. While her complaint is certainly not artfully drafted, plaintiff has minimally stated a race discrimination claim and her failure-to-promote allegations appear reasonably related to her administrative charge, for all the

---

[6] As an affirmative defense, failure to exhaust administrative remedies is similar to a statute of limitation defense and pursuant to Rule 8(c) of the Federal Rule of Civil Procedure, it is subject to waiver if it is not raised in an answer to a complaint. *Townsend v. Home for the Homeless, Inc.*, 28 F. App'x 85, 86 (2d Cir. 2002). Here, defendant raised the affirmative defense of failure to exhaust administrative remedies in its October 10, 2023 answer to the amended complaint. (Dkt. No. 40 at 2)

[7] The Court acknowledges that a substantial portion of this delay does not appear to be directly attributable to defendant, since defendant indicates that it had not received the administrative file from the NYSDHR when it moved to dismiss the amended complaint on July 5, 2022. (Dkt. No. 43-1, pg. 8)

reasons outlined above. Indeed, plaintiff's claims may fail to survive a motion for summary judgment, especially after defendant is able to submit factual evidence to refute plaintiff's allegations. However, the lawsuit remains at the pleadings stage, and such a finding, without discovery and absent determinations of fact, would be premature.

## CONCLUSION

For all of these reasons, it is recommended that the motion for judgment on the pleadings (Dkt. No. 43) by defendant Dollar Tree Stores, Inc., be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby **ORDERED** that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. Loc. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen (14) days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or other evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Walker v. Stinson*, 205 F.3d 1327 (2d Cir. 2000); *Bonura v. Uhl Ventures LLC*, 668 F. Supp. 3d 174, 184 (W.D.N.Y. 2023).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. Loc. R. Civ. P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:    May 21, 2024
                Buffalo, New York

                                            *[signature]*
                                     HONORABLE MICHAEL J. ROEMER
                                     United States Magistrate Judge